# United States Court of Appeals

## For the Eighth Circuit

_____

No. 13-8042

_____

Lloyd's Acceptance Corp., doing business as Lloyd's Development Company;
Affordable Communities of Missouri, a California Limited Partnership

*Respondent*s

v.

Affiliated FM Insurance Company

*Petitioner*

Travelers Property Casualty Company of America

_____

No. 13-8043

_____

Lloyd's Acceptance Corp., doing business as Lloyd's Development Company;
Affordable Communities of Missouri, a California Limited Partnership

*Respondent*s

v.

Affiliated FM Insurance Company

Travelers Property Casualty Company of America

*Petitioner*

———————

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

———————

Submitted: January 20, 2014
Filed: March 10, 2014
[Unpublished]

———————

Before LOKEN, MURPHY, and SHEPHERD, Circuit Judges.

———————

PER CURIAM.

After denying motions for summary judgment brought by Affiliated FM Insurance Co. and Travelers Property Casualty Company of America, the district court certified for interlocutory appeal the question of whether it erred because an elevator servicer's knowledge of equipment conditions may be imputed to the elevator owner for purposes of an insurance claim. The insurance companies now seek permission to file an interlocutory appeal on this question under 28 U.S.C. § 1292(b).

A district court may certify a question for interlocutory appeal under § 1292(b) only where "it is of the opinion that (1) the order involves a controlling question of law; (2) there is substantial ground for difference of opinion; and (3) certification will materially advance the ultimate termination of the litigation." Union Cnty., Iowa v. Piper Jaffray & Co., Inc., 525 F.3d 643, 646 (8th Cir. 2008) (per curiam) (internal quotation marks omitted). These requirements are jurisdictional, and the court cannot allow an interlocutory appeal unless each of them is met. Id. at 645–46. Even if the requirements are satisfied, we may deny appeal for any reason. Id. at 646.

The insurance companies present no Missouri authority supporting the imputation of knowledge about elevator equipment conditions from servicer to owner in this context. Since "a dearth of cases does not constitute substantial ground for difference of opinion," Id. at 647, the companies fail to satisfy the requirements of § 1292(b). We therefore conclude that the district court abused its discretion in certifying this interlocutory appeal, and we dismiss it for lack of jurisdiction. See id. at 647–48.

_____